IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOM SHIRAISHI,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CIVIL NO. 06-00600 EFS-LEK<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS** |

On July 17, 2007, the Court heard oral argument in the above-captioned matter. Plaintiff Thom Shiraishi was present, representing himself *pro se*. Assistant United States Attorney Edric Ming-Kai Ching appeared on behalf of the Government. Before the Court was the Government's Motion to Dismiss (Ct. Rec. 13). After reviewing submitted material and relevant authority and hearing oral argument, the Court was fully informed. At the hearing the Court took the Government's motion under advisement and now grants the Government's motion for the reasons addressed below.

**I. INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Thom Shiraishi seeks approximately $3,000,000.00 in damages against four employees of the Farm Services Agency (FSA) and one

ORDER ~ 1

employee of the United States Attorney's office (Ct. Recs. 1-3 at 1 & 1-4 at 15; Complaint at 1 & 55). Based on the record before the Court, the pertinent facts appear as follows:

Plaintiff executed a real estate mortgage at the Bureau of Conveyances, State of Hawaii, in October 1986. After refinancing in 1989, 1996, and 1999, Plaintiff ceased paying the loan in 1999 which resulted in non-payment default in 2000. In November of 2004, the FSA filed a complaint to foreclose on property that Mr. Shiraishi had used as collateral for the loans (Ct. Rec. 14-4). The case went to trial in April of 2006, and on June 7, 2006, the court issued Findings of Fact and Conclusions of Law ruling in favor of the FSA (Ct. Rec. 14-5).

Two loans (Farm Ownership Loan No. 41-12 and Operating Loan No. 44-13) and a shared appreciation agreement were at issue in the foreclosure action (Ct. Rec. 14-5 at 2). It is not disputed that the United States had a valid security interest in Plaintiff's farm and other collateral relating to the farm (equipment, crops, fixtures, etc.), nor is it disputed that Plaintiff defaulted on the loans (Ct. Rec. 14-5 at 9). Notice of an administrative offset was given by letter dated April 9, 2001. Plaintiff did not object to the offset until September 1, 2005. (Ct. Rec. 14-5 at 12.) Plaintiff applied for Homestead protection on June 6, 2001 (Ct. Rec. 1-3 at 6). Plaintiff was determined eligible for Homestead protection on October 24, 2001 (Ct. Rec. 1-5 at 26), and was approved on September 14, 2001 (Ct. Rec. 1-3 at 6). On January 30, 2004, he entered into an agreement with FSA (Ct. Rec. 1-5 at 20) essentially stating that he would be given a 5-year leaseback conditioned on conveyance of title to the FSA. Conveyance of title did not occur (Ct.

Rec. 1-4 at 8 ¶ 24).  The United States of America filed a foreclosure complaint in U.S. District Court on November 16, 2004 (Ct. Rec. 14-4; Ct. Rec. 1-3 at 2).  As a defense, Plaintiff argued the government was not entitled to foreclosure because he was not paid certain loan proceeds to which he was entitled.  He also argued notice of administrative offset was deficient and that he was in the process of applying for Homestead protection, which he argued precluded foreclosure.  The District Court held none of these defenses were viable (Ct. Rec. 14-4 at 10-12).

In the instant action, Plaintiff claims the response to his application for Homestead protection was not submitted within the time frame set out in 7 C.F.R. § 1910.4, which is 60 days for Farm Credit Programs, *see* 7 C.F.R. § 1910.4(j)(1), and 30 days for most other loan applications, *see* 7 C.F.R. § 1910.4 (j)(1)(ii)(c)(2).  Plaintiff argues 30 days is the appropriate time frame although 60 calendar days is the applicable deadline.  In either case, the FSA official did not determine eligibility within 60 days.  Plaintiff claims the eventual failure of his attempt to acquire Homestead protection due to the delay between application (June 6, 2001), approval (September 1, 2001), and the actual agreement conditionally granting Homestead protection (January 30, 2004), without providing notice of the reason of delay, constituted a violation of his administrative due process rights (Ct. Rec. 1-3 at 6). Furthermore he alleges the delay was an intentional act of the FSA official and was calculated to deprive him of property rights (Ct. Rec. 1-3 at 8-7).

Plaintiff reiterates his assertion that he was not fully paid the proceeds of his $200,000 Farm Ownership Loan, which caused him to default

ORDER ~ 3

on his loans (Ct. Rec. 1-3 at 2).  Plaintiff claims the FSA official (Pixie Greer) violated his Due Process rights and administrative appeal rights by not providing notice and "proceeding beyond the scope of her 'official capacity' by ignoring federal statutes and regulations [and] . . . acting in her 'individual capacity' is responsible personally for any injury or harm . . . ." (Ct. Rec. 1-3 at 5-6 ¶¶ 15, 16, and 17). Specifically, Plaintiff argues Ms. Greer violated the time frames set out in 7 C.F.R. § 1910.4.  Plaintiff claims "Ms. Greer determine[d] Plaintiff eligible . . . 69 days over the timeframe and . . . while regulations provide a 30 day timeframe to determine eligibility, it took Ms. Greer a total of 139 days . . . to make her determination."  (Ct. Rec. 1-3 at 6-7.)  Plaintiff argues that Ms. Greer's actions caused Plaintiff to lose Homestead protection even though he was eligible and conformed to FSA application procedures.  Homestead protection would have afforded him a five-year leaseback situation during which he could have remained on his farm and continued his hydroponic cucumber greenhouse operation.  He also would have had an opportunity to buy back the property at the end of the five-year term and thereby regain a valuable property interest (Ct. Rec. 1-3 at 7).

Pursuant to the motion currently before the Court, Defendant United States seeks dismissal of Plaintiff's complaint based on *res judicata* and lack of subject matter jurisdiction (Ct. Rec. 13).  While the Government relies primarily on the issue of *res judicata*, the Court must first address subject matter jurisdiction.

ORDER ~ 4

**II. ANALYSIS AND CONCLUSION**

<u>A. Removal to Federal Court and Substitution of the United States as Defendant</u>

On October 23, 2006, Plaintiff filed the instant Complaint in state court (Ct. Rec. 1-1).  On November 6, 2006, Defendant United States removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), as the action was filed against "any officer (or person acting under that officer) of the United States or of an agency thereof, sued in an official or individual capacity for any act under color of such office . . . ."  The United States subsequently sought dismissal based on lack of subject matter jurisdiction (Ct. Rec. 13).  Plaintiff argues the Government contradicts itself by removing the case to federal court and then moving to dismiss based on a lack of subject matter jurisdiction. Plaintiff argues the Government contradicts itself by removing the case to federal court and then moving to dismiss based on a lack of subject matter jurisdiction. In addition, Plaintiff argues the Defendants were acting in their capacity as individuals and therefore subject matter jurisdiction exists because he is suing them individually rather than suing the United States or an agency thereof.

The Complaint alleged:

> The above officials were requested to provide the authority or regulations permitting their actions refused to respond nor provide any authority or regulations, are no longer acting under the color of office, in their "Official Capacity" but have chosen to ignore their legal and statutory duties and are willingly to proceed in their "Individual Capacity" were aware that their actions would cause harm that was foreseeable, with complete disregard of Plaintiff's rights continued in their conspiracy is accountable and liable for any damages resulting from their actions.

ORDER ~ 5

(Ct. Rec. 1-4 at 1, Complaint at 41.)  However, Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, certified that the individual Defendants were acting within the scope of their employment with the FSA and United States Attorney's office (Ct. Rec. 10-2).  This Court ruled that pursuant to 28 U.S.C. § 2679(d)(2), and the Supreme Court's ruling in *Osborn v. Haley*, 127 S.Ct. 881 (2007), the United States Attorney's certification was conclusive with respect to the issue of jurisdiction (Ct. Rec. 27).  Therefore, once the United States Attorney certified that the actions complained of in Plaintiff's complaint were actions within the scope of their federal employment, this Court did not have authority to remand the case to state court.  However, such certification is not conclusive with regard to the factual issue of whether Defendants were in fact acting within the scope of their federal employment.

Based on the record before the Court, the individual Defendants were acting within the scope of their federal employment.  While Plaintiff makes conclusory allegations regarding a conspiracy, Plaintiff does not identify any evidence in the record demonstrating that actions were taken by any Defendant outside the scope of their employment.  None of the statutes in question define the term "acting within the scope of employment."  The most recent Restatement of Agency holds:

> [a]n employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

ORDER ~ 6

RESTATEMENT (THIRD) OF AGENCY § 7.07(2) (2006). Despite Plaintiff's claims that many of the actions of the federal employees were illegal or outside their legal authority as defined in the regulations, all the acts complained of were subject to their employer's control and served the purpose of their employer. Therefore, assuming the facts alleged in Plaintiff's complaint to be true, the United States was properly substituted as Defendant in this action.

B. Suits Against the Federal Government

In general, the federal government, including employees acting within the scope of their duties as federal government employees, are immune from suit. "The universally received opinion is, that no suit can be commenced or prosecuted against the United States." *Cohens v. Virginia,* 19 U.S. 264, 411-12 (1821). "The principal of sovereign immunity is derived from English law, which assumed that 'the King can do no wrong.'" Erwin Chemerinsky, Federal Jurisdiction § 9.2.1 (3d ed. 1999).[1]

There are specific exceptions to the general rule that the government is immune: a contract claim against the federal government under the Tucker Act, a tort claim under the Federal Tort Claims Act ("FTCA"), and a claim against federal officials for violation of constitutional rights as allowed by *Bivens v. Six Unknown Named Agents*

---

[1] Immunity does not apply to suits against government officers for injunctive relief. However, Plaintiff is seeking monetary damages rather than injunctive relief.

ORDER ~ 7

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  It is undisputed that Plaintiff stated no Tucker Act claim in his complaint and that he never filed a tort claim with the Department of Agriculture, a prerequisite to filing a tort lawsuit imposed by the FTCA.  28 U.S.C. § 2675(a).[2]  Thus, Plaintiff's only potentially cognizable claim for money damages would be a constitutional claim under *Bivens*.

Plaintiff alleges a violation of his procedural Due Process rights (Ct. Rec. 54 at 4).  Alleged due process violations are evaluated as follows:

> "We assess due process case-by-case based on the total circumstances." *California ex rel. Lockyer v. F.E.R.C.*, 329 F.3d 700, 711 (9th Cir.2003). "Constitutional due process requires that a party affected by government action be given 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id*. at 708, n. 6 (*quoting Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

*Miranda v. City of Cornelius*, 429 F.3d 858, 866-67 (9th Cir. 2005).  Assuming the facts alleged in Plaintiff's Complaint to be true, that Plaintiff's property was foreclosed on before Plaintiff was given the required notice of intent to foreclose (Complaint at 37), and that Plaintiff was denied his appeal rights (*Id*.), Plaintiff has stated a *prima facie* claim based on a violation of his procedural due process rights.  Accordingly, pursuant to *Bivens*, subject matter jurisdiction exists over Plaintiff's constitutionally-based claims.

---

[2] Specifically, 7 C.F.R. § 1.51 provides the authority for the Department of Agriculture to settle claims against its employees for acts or omissions committed while acting within the scope of their employment with the department.

ORDER ~ 8

C. *Res Judicata*

While Plaintiff has successfully stated a *prima facie* due process claim, the claim is barred by *res judicata*. "Res judicata, or claim preclusion, 'bars any lawsuits on any claims that were raised or could have been raised in a prior action.' . . . Claim preclusion applies if there is '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" *Fed. Trade Comm'n v. Garvey*, 383 F.3d 891, 897 (9th Cir. 2004) (quoting *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir. 2004)).

With respect to the privity requirement, the parties are identical as the United States has been substituted as Defendant. In the foreclosure action, the United States was Plaintiff and Thom Shiraishi was one of the Defendants (Ct. Rec. 14-5). The parties are identical, although their roles reversed, in the instant action. With respect to the requirement that there be a final judgment on the merits, although the foreclosure action has been appealed, "[t]he federal rule on the preclusive effect of a judgment from which an appeal has been taken is that pendency of an appeal does not suspend the operation of an otherwise final judgment for the purposes of *res judicata*." *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985). Therefore, the district court's ruling in *United States of America v. Thom Shiraishi et al.*, 04-00678, serves as a final judgment on the merits.

The remaining issue is whether the instant claims are identical to the defenses raised by Plaintiff in the foreclosure action. Pages 36 through 40 of Plaintiff's Complaint constitute Plaintiff's basic claims in this action. Examples of allegations made in Plaintiff's Complaint

ORDER ~ 9

include the following: (1) Plaintiff's application (presumably for Homestead protection) was not processed within the time frame provided by 7 C.F.R. §1910.4, (2) Defendants failed to notify Plaintiff regarding an adverse decision pursuant to 7 C.F.R. § 1900.55(b), and (3) Defendants failed to adequately notify Plaintiff that he was past due on payments as required by 7 C.F.R. § 1951.907(c)(3). (Ct. Rec. 1-3 at 36.) While Plaintiff identifies numerous regulations and alleges many violations, all of Plaintiff's allegations appear to relate to the following three claims:

   (1) a Farm Ownership Loan was never fully funded depriving Plaintiff of $115,000 that Plaintiff was entitled to,

   (2) Plaintiff's Homestead protection application was not timely processed, and

   (3) foreclosure procedures and regulations were not followed, specifically procedures regarding notice.

With respect to Plaintiff's claim regarding the Farm Ownership Loan, the court in the foreclosure action found "Defendant's defense that Plaintiff USA is not entitled to foreclosure because he was not paid certain loan proceeds was not proven by credible evidence or testimony at trial." (Ct. Rec. 14-5 at 10.) With respect to Plaintiff's homestead protection claim, the prior court found "Defendant SHIRAISHI's defense that Plaintiff is not entitled to foreclosure because of his homestead protection application also fails. . . . Plaintiff USA established that the applicable federal regulation does not prohibit acceleration and foreclosure of loans while Defendant SHIRAISHI's homestead protection was pending." *Id*. at 11-12. With respect to Plaintiff's claims based on

ORDER ~ 10

notice regarding the foreclosure proceedings, the court found "Defendant's defense that Plaintiff USA is not entitled to foreclosure because Plaintiff failed to provide notice of the administrative offset was not proven by credible evidence or testimony at trial." *Id*. at 11.

Thus, Plaintiff's claims in this action have been previously adjudicated and are therefore barred by *res judicata*.

**ACCORDINGLY, IT IS HEREBY ORDERED:** the Government's Motion to Dismiss **(Ct. Rec. 13)** is **GRANTED**; Plaintiff's complaint is dismissed and Judgment entered. The file shall be **closed.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiff and to counsel for the Government.

**DATED** this 3rd day of August 2007.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

G:\docs\leslie\Cv No. 06-600EFS-Order from Visiting Judge Shea-8-3-07.wpd

ORDER ~ 11